IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **RAMONA RENE HAGGARD,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**HOUSING AUTHORITY OF THE** )<br>**CITY OF GARY, INDIANA,** *et al.*, )<br>)<br>**Defendants.** ) | N0. 2:11 CV 381 |

## OPINION and ORDER

Ramona Rene Haggard, a *pro se* plaintiff, filed an amended complaint under 42 U.S.C. § 1983 and a renewed motion for leave to proceed *in forma pauperis*. (DE ## 7, 8.) Under the *in forma pauperis* statute, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotation marks and internal citations omitted). Thus, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her

that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

This is Haggard's third attempt to file a complaint containing a viable claim. (*See* DE ## 1, 3, 5, 6.) The court gave her two opportunities to replead her claims and specific instructions on what information she needed to provide. However, she still does not assert a plausible claim for relief under federal pleadings standards. In her complaint she lists four defendants, an individual identified as "Janis Stepson," WCDC-Colonial Gardens (which appears to be her landlord), the Gary Housing Authority, and an individual named Mike Brown. In support of her claims she states as follows:

> The Gary Housing Authority keep come in my house. and maintenance was coming in my house with keys let family in with out me know. make runs in front of my housing authority unit. housing authority unit was damage no repairs was not made. sell drugs and was not anything done about and where my son clothes and make [illegible] with them on. and went to 578 Broadway to the Gary Housing Authority and it was not anything done about [illegible]. I left the Gary Housing Authority said did not give a fuck that it happen it was not any thing paid for in my unit. I make phone calls on my house phone when I was not at home. They life said they said check out and I never got it. Other. I would like the for the Gary Housing Authority to have maintenance and WCDC-Colonial Gardens to not come to my and I would like [illegible] Mike Brown and his family to pay for what was miss out of my unit and I would like for thing to pull every body receipt to see if the were paid there rent like to Gary house to me to. and I would like for Mike Brown family stay out of my unit.

(DE # 7 at 3.) In the section designated "relief," she requests as follows:

> I would like the court to have whoever was make runs out of my unit to be lock up to jail and I would like for them for things that they would sell drugs in of [illegible] my son, and I would like prosecuted to have maintenance to pay for what they done to my unit, and to the Gary or I would like for Gary to give my my money back where they were or charge my for rent to.

2

(*Id.*)

One of the defendants, Janis Stepson, is not mentioned anywhere in the narrative section of the complaint, nor is she even clearly identified. It appears that both she and Mike Brown are private individuals, and there is no apparent jurisdictional basis for Haggard's claims against them to be litigated in federal court. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822-23 (7th Cir. 2009) (observing that the U.S. Constitution only protects against injuries caused by state actors). Although Haggard could conceivably state a federal claim against the Gary Housing Authority, no such claim can be discerned from the complaint. At best it appears that Haggard was unhappy with her landlord's response to her complaints about a third party allegedly causing damage to her unit. It appears that she wants the individual or individuals responsible prosecuted, but that is not something that can be accomplished in this civil lawsuit. To the extent she believes she is entitled to reimbursement from the Gary Housing Authority for the damage caused by these individuals, she has not clearly alleged, nor can it be discerned, who within the Gary Housing Authority caused her injury and how their actions violated the U.S. Constitution or other federal law. In short, the complaint fails to satisfy even the minimal standards of FED. R. CIV. P. 8.

There is an additional problem with Haggard's submission. For the third time, and despite the court's instructions, she has failed to submit a properly completed *in forma pauperis* petition. She indicates that she receives regular income from gifts or

inheritances, without specifying the amount. (DE # 8 at 1.) As Haggard has not provided the court with complete information about her household income, she has not demonstrated that she is eligible to proceed *in forma pauperis* in this action.

For these reasons, the court **DENIES** the *in forma pauperis* petition (DE # 8), and **DISMISSES** the amended complaint (DE # 7) pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**SO ORDERED**.

Date: December 9, 2011

 s/ James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT